UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ROBERT A. SANCHEZ,

        Petitioner,

vs.

FRANCISCO JACQUEZ, Warden,

        Respondent.

                                  /

No. C 11-1237 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A Santa Clara County jury convicted petitioner of first degree murder, *see* Cal. Penal Code § 187(a); aggravated assault, *see id.* §§ 245(a)(1); and attempted murder, *see id.* §§ 187(a), 664(a). He was sentenced to sixty-eight years to life in prison.

Petitioner appealed. The California Court of Appeal reversed and remanded with instructions for the trial court to modify the judgment in respects not at issue here. The Supreme Court of California denied review. He did not file any state habeas petitions.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) his Sixth Amendment rights were violated when spectators attempted to influence the jury; (2) his due process rights were violated when the trial court gave a jury instruction that permitted the jury to find him guilty of first degree murder even if the natural and probable consequence of his acts was second degree murder; (3) his due process rights were violated when the trial court gave jury instructions that permitted the jury to find him guilty of first degree murder and attempted murder as the natural and probable consequence of misdemeanor assault or breach of the peace; (4) his counsel was ineffective in not objecting to a gang expert's testimony; and (5) his due process rights were violated by admission of certain highly damaging evidence. These claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the

1  State of California.  The clerk also shall serve a copy of this order on petitioner.

2  	2.  Respondent shall file with the court and serve on petitioner, within sixty days of
3  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
4  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
5  granted.  Respondent shall file with the answer and serve on petitioner a copy of all
6  portions of the state trial record that have been transcribed previously and that are relevant
7  to a determination of the issues presented by the petition.

8  	If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
9  the court and serving it on respondent within thirty days of his receipt of the answer.

10  	3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
11  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
12  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
13  and serve on respondent an opposition or statement of non-opposition within thirty days of
14  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
15  within fifteen days of receipt of any opposition.

16  	4.  Petitioner is reminded that all communications with the court must be served on
17  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
18  must keep the court informed of any change of address and must comply with the court's
19  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
20  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
21  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

22  	**IT IS SO ORDERED.**
23  Dated: July 5, 2011.
	                                                                  
	                              PHYLLIS J. HAMILTON
24	                              United States District Judge

28  P:\PRO-SE\PJH\HC.11\SANCHEZ1237.OSC.wpd

3